Circuit Court, District of Columbia. March Term, 1836.

JUSTICE OF THE PEACE — AUTHORITY TO BIND ORPHAN CHILD.

Justices of the peace have no authority to bind out an orphan child while the orphans' court is in session.

Upon petition of Thomas Gody to be discharged from the service of James K. Plant, who claimed the petitioner as his apprentice, it appearing that he was bound out by two justices of the peace, as an orphan, upon a day in which the orphans' court was in session.

THE COURT discharged the apprentice, being of opinion that under the Maryland Acts 1793, c. 45, and 1794, c. 47, the justices had no power to bind out an orphan while the orphans' court was in session.

GOE (SAVARY v.). See Case No. 12,388.

## Case No. 5,500.

### In re GOEDDE et al.

[6 N. B. R. 295.] [2]

Circuit Court, S. D. Illinois. 1873.

PARTNERSHIP—FIRM AND INDIVIDUAL CREDITORS —BANKRUPTCY OF PARTNER.

A. and B. were copartners in trade, but A. owned most all of the property put into the firm, in his own individual right, and at the time of the formation of the partnership was in debt to some extent. This property was all he was worth and his individual debts were contracted on the strength of this property. The firm carried on business several years, when the bulk of copartnership property was sold out under a deed of trust given by the firm to secure firm indebtedness, but no formal dissolution took place. A short time afterwards A. filed his voluntary petition in bankruptcy; at this time the copartnership assets consisted of some personal property and a few outstanding accounts from which the assignee realized nothing. Held, that the individual and copartnership creditors should share equally.

[Cited in Re Rice, Case No. 11,750.]

The assignee and Fink & Nasse agree that the following is a statement of the facts relating to the bankrupt and his estate, and business connections pertinent to the application of Fink & Nasse for a distribution of the estate to the creditors pari passu as their claims have been proved: On the —— day of May, eighteen hundred and sixty-five, Bernard Goedde and George Scheuneberg became copartners in business under the name of Goedde & Co., for the purpose of carrying on the flouring business. At this time, Bernard Goedde individually was, and until the bankruptcy, remained the owner of the property from which the moneys now

in question were realised by the assignee. This was all he was worth at the time his individual debts were contracted, and they were contracted on the strength of this property. Most of the individual debts existed at the time of the formation of the copartnership. The firm continued to do business till January, eighteen hundred and sixty-eight, when embarrassments of a financial character led to a partial stoppage, that is to say, they ceased to manufacture flour, but the copartnership was never dissolved otherwise than as may result in law from the facts here stated. On the second of May, eighteen hundred and sixty-eight, the bulk of the copartnership property was sold out under a deed of trust given by the firm to secure firm indebtedness other than that of Fink & Nasse. On the twenty-second of May, eighteen hundred and sixty-eight, these proceedings began, upon the voluntary petition of Bernard Goedde. No proceedings by or against George Scheuneberg were had by copartnership or other creditors. At the date of the bankruptcy proceedings, the copartnership assets consisted of some personal property and a few outstanding accounts, both of small value. From them the assignee has realized nothing. Scheuneberg at the date of the bankruptcy, had become and was insolvent, on account of the copartnership indebtedness, and so remains. He owed some individual debts, and had little individual property. The copartnership creditors, when their debts were contracted, knew of the ownership by Goedde of the individual property before referred to. Scheuneberg has resided during all the time mentioned in the Southern district of Illinois. The individual creditors who have proved their debts are, John B. Livingstone, Clemens Charles Goedde and Clemens Goedde. The copartnership creditors who have proved their debts are, John Trendly, administrator, Sebastian Pfeiffer, deceased, and Fink & Nasse.

On the foregoing statement of facts, the assignee contended that the individual creditors were entitled to be paid in full, and that only the surplus remaining should be divided among the copartnership creditors. The district court ordered a dividend to be declared, in which the individual and copartnership creditors should share equally. The question, on the application of the individual creditors, was certified to the circuit court for said district for review, and was submitted to the circuit court for review, as on petition, setting forth the facts, with the agreement that the order of the court below might be reversed or affirmed, as the court should see proper.

Lucien Eaton, for individual creditors.

E. P. Johnson, for copartnership creditors.

DRUMMOND, Circuit Judge. It is ordered and adjudged that the judgment of the court below be affirmed.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted by permission.]